# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Armanna J. Bellow,<br><br>                Plaintiff,<br><br>v.<br><br>State of Nevada,<br><br>                Defendant. | Case No. 2:25-cv-00024-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff Armanna J. Bellow's "motion for Daniel J. Albregts." (ECF No. 18). The Court liberally construes Plaintiff's motion as a motion to reconsider the Court's prior order denying Plaintiff's motions for default. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed"). The Court construes Plaintiff's motion as one to reconsider because Plaintiff asserts "there is no reason you should be denying my motion of [Default Judgement [sic] docket number 14] Clerks of court entered default as to [Defendant] State of Nevada for not replying to summons…"

Plaintiff's reconsideration request arises under Federal Rule of Civil Procedure 60, under rule which the Court may provide relief from a judgment or order. Under Rule 60(b), in relevant part, a court may relieve a party from an order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence; (c) fraud, misrepresentation, or misconduct by an opposing party; (d) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (2), (3), (6). Relief under Federal Rule of Civil Procedure 60(b)(6)—providing for relief "for any other reason that justifies relief"—is only available in extraordinary circumstances. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion for reconsideration is properly denied if it presents no new arguments. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Whether to grant reconsideration is in the court's discretion. *See id.*

1   Plaintiff does not provide any persuasive or legitimate reasons for the Court to reconsider its order denying Plaintiff's motions for default. Plaintiff appears to assert that the Court erred in denying the motions for default because the Clerk of Court already granted one of Plaintiff's motions for entry of clerk's default. (ECF No. 14). However, while the Clerk of Court did enter default, obtaining a default judgment is a two-step process, of which obtaining a clerk's default is only the first step. *See Ramsey v. Hawaii*, No. 20-00215 JMS-KJM, 2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020) (citing *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)). Obtaining a default under Federal Rule of Civil Procedure 55 requires a plaintiff to first, seek the clerk's entry of default and second, file a motion for entry of default judgment. *See id.* Plaintiff completed the first step. But, as the Court pointed out in its order denying Plaintiff's motions (which variably sought entry of clerk's default and default judgment), the Court could not enter a default judgment because the Defendant had not been properly served. (ECF No. 17); *see also Penpower Technology Ltd. v. S.P.C. Technology*, 627 F.Supp.2d 1083, 1088 (N.D. Cal. 2008) (explaining that, before the court can enter default judgment, it must assess the adequacy of service of process on the party against whom default is requested). Because Plaintiff has advanced no persuasive or legitimate reason for the Court to reconsider its order, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's "motion for Daniel J. Albregts," which the Court construes as a motion to reconsider, (ECF No. 18) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: July 16, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE