UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Armanna J. Bellow,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>State of Nevada,<br><br>　　　　　　Defendant. | Case No. 2:25-cv-00024-DJA<br><br>**Order** |

　　　Before the Court are two of pro se Plaintiff Armanna J. Bellow's motions for "clerk default" (ECF Nos. 23, 24) and motion for "clerk entering default judgment" (ECF No. 26). The Court denies Plaintiff's motions because Plaintiff has not properly served Defendant the State of Nevada. *See Marty v. Green*, No. 2:10-CV-01823, 2011 WL 320303, at \*4 (E.D. Cal. Jan. 28, 2011) (stating that the court would have denied motion for default because defendants had not been properly served). A default judgment is void where a defendant has not been properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where defendant was not properly served); *Olson v. Nevada*, No. 3:23-CV-00513-ART-CLB, 2025 WL 1211037, at \*1 (D. Nev. Apr. 25, 2025).

　　　Under Federal Rule of Civil Procedure 4(j)(2), a Plaintiff may effectuate service in two ways:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant

Fed. R. Civ. P. 4 (emphasis added).

Thus, Plaintiff can properly serve the State of Nevada by complying with state law requirements for service of process on the state, outlined below.

Nevada Revised Statute ("NRS") 41.031(2) provides that:

> An action against the State of Nevada must be filed in the county where the cause or some part thereof arose or in Carson City. In an action against the State of Nevada, the summons and a copy of the complaint must be served upon:
>
> (a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; **and**
>
> (b) The person serving in the office of administrative head of the named agency

NRS 41.031(2) (emphasis added).

Rule 4.2(d)(1) of the Nevada Rules of Civil Procedure provides nearly identical requirements for service of process:

> The State and any public entity of the State must be served by delivering a copy of the summons and complaint to:
>
> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; **and**
>
> (B) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process.

Nev. R. Civ. P. 4.2(d)(1) (emphasis added).

Additionally, Federal Rule of Civil Procedure 4(c)(2) requires that a "person who is at least 18 years old and not a party" serve the summons and complaint. That Rule does not contemplate service by first class mail. The same is true of the Nevada Rules of Civil Procedure. *See* Nev. R. Civ. P. 4(c)(3).

Here, Plaintiff's proof of service does not reflect successful service. (ECF No. 22). As a preliminary matter, Plaintiff's proof of service only purports to have served Attorney General Aaron Ford. But Plaintiff does not purport to have served the person serving in the office of

administrative head of the named public entity or an agent designated by the administrative head to receive service of process.  This is likely because Plaintiff has improperly named the State of Nevada as a Defendant.  Under NRS 41.031(2), actions brought against the State of Nevada "must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit."  Plaintiff must amend his complaint to cure this deficiency so that he may properly serve it.  *See* Fed. R. Civ. P. 15.

Plaintiff's proof of service also contains confusing and contradictory information.  The proof of service indicates that an individual named Alejandro Tinagro-Mendez[1] served the summons for Attorney General Aaron Ford in three ways.  First, Tinagro-Mendez checks that box that he personally served the summons on Attorney General Ford.  He writes that he served Attorney General Ford at "North Las Vegas City Hall Secretary of State."  It is not clear if he claims to have served Attorney General Ford personally or to have served the Secretary of State.  Second, Tinagro-Mendez checks the box indicating that he left the summons at Attorney General Ford's residence with an individual of suitable age and discretion who resides there.  But Tinagro-Mendez does not write the name of that individual.  Third, Tinagro-Mendez checks the box that he served the summons on an individual designated by law to receive service of process on behalf of an organization.  However, instead of providing the name of the individual who he served, he writes "Secretary of State."  Instead of writing the person on whose behalf the Secretary of State is authorized to accept service, Tinagro-Mendez writes "City Hall North Las Vegas."

Plaintiffs motions indicate to the Court that Plaintiff may be confused about the entity he is suing and serving.  In his motions for Clerk's default, Plaintiff asserts that "[c]omplaint and summons of civil action was served by Nevada secretary of state in North Las Vegas [C]ity [H]all," but that "Nevada State *governor's office* [h]as failed to respond to Plaintiff Armanna J.

---

[1] The handwriting on the proof of service is difficult to decipher, so this may not be the proper spelling of this individual's name.

Bellow summons…" (ECF Nos. 23, 24) (emphasis added).  Plaintiff's motion for "Court Clerk Entering Default Judgment" also asserts that the "Nevada governor's office, fail[ed] [t]o respond or reply to my law suit complaint summons in a civil action."  (ECF No. 26).

Given Plaintiff's lack of proper service on the State of Nevada, the Court will deny his default motions (ECF Nos. 23, 24, 26).[2]  Given Plaintiff's apparent confusion about who he is suing and serving and failure to properly name the State of Nevada under NRS 41.031(2), the Court will further give leave for Plaintiff to amend his complaint to properly name the State.  The Court will also extend the deadline for Plaintiff to accomplish service.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for default (ECF Nos. 23, 24, 26) are **denied.**

**IT IS FURTHER ORDERED** that the Court provides Plaintiff with leave to amend his complaint to properly name the State of Nevada.  If Plaintiff chooses to amend his complaint, he must do so or before **November 10, 2025.**

**IT IS FURTHER ORDERED** that the Court extends Plaintiff's deadline for service to **February 8, 2026.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

**IT IS FURTHER ORDERED** that failure to timely comply with this order may result in the recommended dismissal of this action.

DATED: October 10, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that this matter is part of the Magistrate Judge Consent Program.  (ECF No. 2).  Defendant has not yet appeared in this action and so, has not consented or declined consent to the assigned magistrate judge's jurisdiction over this matter.  Nonetheless, the assigned magistrate judge does not direct the Clerk's Office to assign this matter to a district judge at this stage because the denial of Plaintiff's default motions is not dispositive of any claim or defense.  See *Hunter v. Shepherd*, No. CV 14-04452-MMM-JC, 2015 WL 13916594, at *2 (C.D. Cal. Dec. 22, 2015).