# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Armanna J. Bellow,

Plaintiff,

v.

State of Nevada, Attorney General Aaron D. Ford,

Defendant.

Case No. 2:25-cv-00024-DJA

**Order**

Before the Court is pro se Plaintiff Armanna J. Bellow's motion for entry of clerk's default. (ECF No. 32). The Court denies Plaintiff's motion because Plaintiff has not properly served Defendant the State of Nevada. *See Marty v. Green*, No. 2:10-CV-01823, 2011 WL 320303, at *4 (E.D. Cal. Jan. 28, 2011) (stating that the court would have denied motion for default because defendants had not been properly served). A default judgment is void where a defendant has not been properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where defendant was not properly served); *Olson v. Nevada*, No. 3:23-CV-00513-ART-CLB, 2025 WL 1211037, at *1 (D. Nev. Apr. 25, 2025).

Under Federal Rule of Civil Procedure 4(j)(2), a Plaintiff may effectuate service in two ways:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant
>
> Fed. R. Civ. P. 4 (emphasis added).

Thus, Plaintiff can properly serve the State of Nevada by complying with state law requirements for service of process on the state, outlined below.

Nevada Revised Statute ("NRS") 41.031(2) provides that:

> An action against the State of Nevada must be filed in the county where the cause or some part thereof arose or in Carson City.  In an action against the State of Nevada, the summons and a copy of the complaint must be served upon:
>
> (a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; **and**
>
> (b) The person serving in the office of administrative head of the named agency

NRS 41.031(2) (emphasis added).

Rule 4.2(d)(1) of the Nevada Rules of Civil Procedure provides nearly identical requirements for service of process:

> The State and any public entity of the State must be served by delivering a copy of the summons and complaint to:
>
> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; **and**
>
> (B) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process.

Nev. R. Civ. P. 4.2(d)(1) (emphasis added).

Additionally, Federal Rule of Civil Procedure 4(c)(2) requires that a "person who is at least 18 years old and not a party" serve the summons and complaint.  That Rule does not contemplate service by first class mail.  The same is true of the Nevada Rules of Civil Procedure. *See* Nev. R. Civ. P. 4(c)(3).

Here, Plaintiff's proofs of service do not reflect successful service.  (ECF Nos. 30, 31).  As a preliminary matter, Plaintiff has amended his complaint to name both the State of Nevada and Attorney General of the State of Nevada Aaron Ford.  (ECF No. 29).  The Court previously

informed Plaintiff that he did not properly name the State of Nevada as a Defendant because under NRS 41.031(2), actions brought against the State of Nevada "must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." Liberally construing Plaintiff's complaint, it appears that Plaintiff's intent was to name the State of Nevada on relation of the Office of the Attorney General.

However, Plaintiff's proofs of service are confusing. One of them contains responses to questions that do not make sense. (ECF No. 31). A person named L. Stewart has purported to serve the summons at an address associated with the City of North Las Vegas, not the Office of the Attorney General in Carson City. Additionally, where the form asks for a date that the summons was served, L. Stewart signed their name. The person who filled out the form also appears to indicate that they attempted service at a residence, but then lists "City Hall and State of Nevada Secretary Authorize." The person who filled out the form also asserts to have served the summons on an individual they name as "State of Nevada Campus." (ECF No. 30). Plaintiff's other proof of service appears to indicate that Plaintiff provided process to the Nevada Secretary of State. The proof does not indicate what Plaintiff served and only indicates that it was "received" via "Counter." Again, this is not proper service under the Nevada Rules of Civil Procedure.

Given Plaintiff's lack of proper service on the State of Nevada, the Court will deny his default motion (ECF No. 32).[1] The Court will also extend the deadline for Plaintiff to accomplish service one last time. It extends the deadline to thirty days from the date of this order.

---

[1] The Court notes that this matter is part of the Magistrate Judge Consent Program. (ECF No. 2). Defendant has not yet appeared in this action and so, has not consented or declined consent to the assigned magistrate judge's jurisdiction over this matter. Nonetheless, the assigned magistrate judge does not direct the Clerk's Office to assign this matter to a district judge at this stage because the denial of Plaintiff's default motions is not dispositive of any claim or defense. *See Hunter v. Shepherd*, No. CV 14-04452-MMM-JC, 2015 WL 13916594, at *2 (C.D. Cal. Dec. 22, 2015).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for entry of clerk's default (ECF No. 32) is **denied.**

**IT IS FURTHER ORDERED** that the Court extends Plaintiff's deadline for service to **March 23, 2026.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

**IT IS FURTHER ORDERED** that failure to timely comply with this order may result in the recommended dismissal of this action.

DATED: February 23, 2026

_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE