**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Armanna J. Bellow,

Plaintiff,

v.

State of Nevada, Attorney General Aaron D. Ford,

Defendant.

Case No. 2:25-cv-00024-DJA

**Order**

Before the Court is pro se Plaintiff Armanna J. Bellow's eighth and ninth motions for entry of clerk's default.[1] (ECF Nos. 42, 43). However, Plaintiff has still failed to show that he has properly accomplished service. So, the Court denies Plaintiff's motions for entry of default.[2] Nonetheless, because it appears that Plaintiff has attempted one of the methods of service required by Nevada Rules of Civil Procedure 4.2(d)(1) and (2), the Court will provide Plaintiff with one last opportunity to cure his service deficiencies.

On March 23, 2026, Plaintiff filed a second amended complaint naming "State of Nevada Attorney General, Aaron D. Ford Bureau of Litigation." (ECF No. 35). The Clerk's Office issued a summons directed to "State of Nevada Attorney General Office." (ECF No. 34). On March 31, 2026, the undersigned noted that Plaintiff was permitted to amend his complaint once

---

[1] Plaintiff's ninth motion is titled "motion for Magistrate Judge Daniel J. Albregts." (ECF No. 43). However, it seeks default.

[2] The Court notes that this matter is part of the Magistrate Judge Consent Program. (ECF No. 2). Defendant has not yet appeared in this action and so, has not consented or declined consent to the assigned magistrate judge's jurisdiction over this matter. Nonetheless, the assigned magistrate judge does not direct the Clerk's Office to assign this matter to a district judge at this stage because the denial of Plaintiff's default motions is not dispositive of any claim or defense. *See Hunter v. Shepherd*, No. CV 14-04452-MMM-JC, 2015 WL 13916594, at *2 (C.D. Cal. Dec. 22, 2015).

as a matter of course under Federal Rule of Civil Procedure 15(a)(1) and so determined that Plaintiff's second amended complaint (ECF No. 35) was operative and gave Plaintiff until June 29, 2026, to accomplish service. (ECF No. 37).

On April 6, 2026, Plaintiff filed a proof of service which indicates that Sheriff Michael Barigian served "Aaron D. Ford, State of Nevada" on March 26, 2026, by delivering a copy of the summons and second amended complaint on the legal office manager of the Attorney General's Office located in Carson City. (ECF No. 38). While it is not entirely clear whether Plaintiff is suing the Attorney General or the State of Nevada on relation of the Attorney General,[3] in either event, it appears that he has not accomplished service because he appears to only have served one copy of the summons and second amended complaint. This is because, regardless of whether Plaintiff is suing the Attorney General or the State of Nevada on relation of the Attorney General, Nevada law requires dual service. *See Harris v. State*, 510 P.3d 802, 809 (Nev. 2022) ("[s]pecific to actions against former or current state officers and employees sued in their official or individual capacities, NRCP 4.2(d)(2) imposes a dual-service requirement"); *see Shields v. Nevada ex. rel. NDOC*, No. 90999-COA, 2026 WL 271919, at *1 (Nev. App. 2026) (unpublished disposition) ("[a] plaintiff who names the State of Nevada or a public entity of the State of Nevada must serve the complaint and summons on both the Nevada Attorney General at the Office of the Attorney General in Carson City and 'the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process.'").

Under Federal Rule of Civil Procedure 4(j)(2), a Plaintiff may effectuate service in two ways:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

---

[3] Under NRS 41.031(2), actions brought against the State of Nevada "must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit."

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant
>
> Fed. R. Civ. P. 4 (emphasis added).

Thus, Plaintiff can properly serve the State of Nevada by complying with state law requirements for service of process on the state, outlined below.

Nevada Revised Statute ("NRS") 41.031(2) provides that:

> An action against the State of Nevada must be filed in the county where the cause or some part thereof arose or in Carson City. In an action against the State of Nevada, the summons and a copy of the complaint must be served upon:
>
> (a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; **and**
>
> (b) The person serving in the office of administrative head of the named agency.
>
> NRS 41.031(2) (emphasis added).

Rule 4.2(d)(1) of the Nevada Rules of Civil Procedure provides nearly identical requirements for service of process:

> The State and any public entity of the State must be served by delivering a copy of the summons and complaint to:
>
> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; **and**
>
> (B) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process.
>
> Nev. R. Civ. P. 4.2(d)(1) (emphasis added).

///

///

///

Rule 4.2(d)(2) of the Nevada Rules of Civil Procedure provide a similar process for serving State Officers:

> Any current or former public officer or employee of the State who is sued in his or her official capacity or his or her individual capacity for an act or omission relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to:
>
> (A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; **and**
>
> (B) the current or former public officer or employee, or an agent designated by him or her to receive service of process.

Nev. R. Civ. P. 4.2(d)(2) (emphasis added).

So, if Plaintiff is suing the State of Nevada on relation of the Attorney General, he must serve *both* the Attorney General's office *and* the Attorney General personally as the person serving in the office of administrative head of the named agency. If Plaintiff is suing the Attorney General, Plaintiff must serve *both* the Attorney General's office *and* the Attorney General personally as the named public officer. Here, Plaintiff's proof of service only shows service of the summons and complaint *once* and does not clearly indicate whether that service was on the Attorney General's office or on the Attorney General personally. So, Plaintiff has not shown that default is proper. *See Marty v. Green*, No. 2:10-CV-01823, 2011 WL 320303, at *4 (E.D. Cal. Jan. 28, 2011) (stating that the court would have denied motion for default because defendants had not been properly served). A default judgment is void where a defendant has not been properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (default judgment is void where defendant was not properly served); *Olson v. Nevada*, No. 3:23-CV-00513-ART-CLB, 2025 WL 1211037, at *1 (D. Nev. Apr. 25, 2025). The Court therefore denies Plaintiff's motions for default. (ECF Nos. 42, 43).

On the other hand, Nevada Rule of Civil Procedure 4.2(d)(6) provides that the court "must allow a party a reasonable time to cure its failure to" "serve a person required to be served under Rule 4.2(d)(1) or (2), if the party has served the Attorney General" or "serve the Attorney General

under Rule 4.2(d)(1) or (2), if the party has served the required person." Here, although it is not clear in which capacity Plaintiff has served the Attorney General, he has at least shown service on the Attorney General in some capacity. So, liberally construing his attempts, the Court will give Plaintiff one opportunity to cure his failure to accomplish dual service on the Attorney General. Plaintiff will have forty-five days to accomplish dual service on the Attorney General and to file proof of that service. *See* Fed. R. Civ. P. 4(m); *see* Nev. R. Civ. P. 4.2(d)(6). If Plaintiff does not timely accomplish this dual service and file proof of it, the undersigned magistrate judge will recommend the dismissal of this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for default (ECF Nos. 42, 43) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 26, 2026**, to accomplish service and to file proof of it.

**IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, the undersigned will recommend dismissal of this action.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order.

DATED: September 9, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE